**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JANOS ROPER,** : | Civil Action No.: 1:18-cv-901 |
| c/o Godbey Law : | |
| 708 Walnut Street, Suite 600 : | Judge: |
| Cincinnati, OH 45202 : | |
| : | |
| Plaintiff, : | |
| : | |
| -vs- : | |
| : | |
| **CITY OF CINCINNATI FIRE** : | |
| **DEPARTMENT** : | |
| 430 Central Ave. : | |
| Cincinnati, OH 45202 : | |
| : | |
| Defendant. : | |

---

**COMPLAINT WITH JURY DEMAND**

---

Plaintiff Janos Roper ("Mr. Roper") states the following for his Complaint against Defendant City of Cincinnati Fire Department ("Defendant"):

**I. PARTIES**

1. Mr. Roper is an Ohio resident, who works for Defendant.

2. Defendant is an employer, who has more than 50 employees and Defendant conducts business in Cincinnati, Ohio.

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Mr. Roper asserts claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

4. Mr. Roper received his right-to-sue letter on September 27, 2018. (See Exhibit 1).

5. Venue is proper in this Court because the transactions and occurrences occurred in Cincinnati, Ohio.

### III. BACKGROUND FACTS

6. Mr. Roper began working for Defendant in or about 2000.

7. Mr. Roper is a male, and he was qualified for position at all times.

8. Mr. Roper had a strong work history and he was never written up until Defendant began to retaliate against him for reporting harassment.

9. Mr. Roper is a Captain for Defendant's Engine 8.

10. In approximately December of 2017, Defendant's employees were watching a graphic, offensive, and prurient film on a station house television.

11. The television is located at the dinner table.

12. Mr. Roper was about to eat when he discovered the graphic, offensive, and prurient film playing.

13. Mr. Roper found this film repugnant and requested the channel be changed immediately.

14. Mr. Roper did not want this offensive film to play while he was eating.

15. Yet, Mr. Roper's requests to change the channel were denied, and the film continued to play.

16. Mr. Roper complained to his supervisor that he and female employees found this type of film to be repugnant, degrading to women, and harassment.

17. When Mr. Roper approached his supervisor attempting to report the harassment, District Chief Haines refused to take a report regarding the incident.

18. Immediately after reporting this harassment, Mr. Roper's supervisors began to retaliate against him.

19. In close proximity to the film incident, Mr. Roper's supervisor began fabricating stories, making accusations, and verbally harassing Mr. Roper.
20. In addition, Mr. Roper was demoted to a less favorable position with different responsibilities in close proximity to reporting the harassment.
21. Defendant's retaliation will hinder Mr. Roper from being promoted.
22. In fact, Mr. Roper's supervisors unjustifiably gave Mr. Roper two written redemands and one verbal reprimand in close proximity to reporting harassment.

### IV. CLAIMS

**Count 1 – (Title VII Sexual Harassment)**

23. Mr. Roper restates all previous paragraphs.
24. Mr. Roper is a male and in a protected class under Title VII.
25. Mr. Roper was at all times qualified for his position.
26. Defendant pervasively subjected Mr. Roper to severe perverse, explicit, and crude sexual film.
27. Defendant created an abusive work environment.
28. Mr. Roper appropriately brought this abusive work environment to his supervisor's attention.
29. Defendant began to retaliate against Mr. Roper in close proximity to reporting the harassment and demoted him to a less favorable position.
30. Mr. Roper suffered an adverse employment decision, and Defendant's policy is sexually abusive.
31. Defendant's actions were malicious and in conscious disregard of Mr. Roper's rights.
32. Defendant's actions caused Mr. Roper economic damages, humiliation, emotional damages, and other compensable injuries.

## Count 2 – (Title VII Retaliation)

33. Mr. Roper restates all previous paragraphs.

34. Mr. Roper is a male and in a protected class under Title VII.

35. Mr. Roper was at all times qualified for his position.

36. Defendant pervasively subjected Mr. Roper to severely perverse, sexually explicit, and crude images.

37. Defendant created a work environment that Mr. Roper reasonably believed was hostile towards himself and women employees.

38. Mr. Roper appropriately reported this abusive-work environment to his supervisor's attention.

39. Defendant retaliated against Mr. Roper in close proximity to his reporting of harassment.

40. Defendant retailed against Mr. Roper by fabricating inaccurate performance reviews and written reprimands and demoting him.

41. Mr. Roper suffered an adverse employment decision, and Defendant's policy is sexually abusive.

42. Defendant's actions were malicious and in conscious disregard of Mr. Roper's rights.

43. Defendant's actions caused Mr. Roper economic damages, humiliation, emotional damages, and other compensable injuries.

## Count 3- Injunctive Relief

44. Mr. Roper restates all previous paragraphs.

45. Mr. Roper request this court enjoin Defendant and its agents from further retaliation and unsubstantiated adverse employment actions against Mr. Roper.

**WHEREFORE**, Plaintiff Janos Roper respectfully asks that this Court find for him and award her the following:

a. Statutory Damages;

b. Back pay;

c. Front pay;

d. Compensatory damages in excess of $25,000;

e. Liquidated damages;

f. Judicial or Statutory Interest;

g. Punitive damages;

h. Court costs and litigation expenses;

i. Attorney fees;

j. Equitable relief;

k. Any and all other relief appropriate under common or statutory law.

Respectfully Submitted,

/s/ Matthew Miller-Novak
Matt Miller-Novak (0091402)
Attorney for Plaintiff
Godbey Law
708 Walnut St., Suite 600
Cincinnati, OH 45202
513-241-6650
513-241-6649 (fax)
matt@godbeylaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Matthew Miller-Novak
Matt Miller-Novak (0091402)
Attorney for Plaintiff
Godbey Law
708 Walnut St., Suite 600
Cincinnati, OH 45202
513-241-6650
513-241-6649 (fax)