UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANOS ROPER,                         Case No. 1:18-cv-901
       Plaintiff,                   Dlott, J.
                                    Litkovitz, M.J.
   vs.

CITY OF CINCINNATI
FIRE DEPARTMENT,              **ORDER AND REPORT**
       Defendant.                 **AND RECOMMENDATION**

Plaintiff Janos Roper brings this action against defendant the City of Cincinnati Fire Department alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* This matter is before the Court on defendant's motion for judgment on the pleadings (Doc. 9), plaintiff's response in opposition (Doc. 13), and defendant's reply memorandum (Doc. 14), and on plaintiff's motion to strike defendant's reply memorandum or in the alternative to file a sur-reply memorandum (Doc. 15) and defendant's response thereto (Doc. 16).

**I.  Factual Allegations**

Plaintiff's complaint and Ohio Civil Rights Commission (OCRC) charge of discrimination, which is attached to the complaint, alleged the following facts.[1] Plaintiff has been an employee of defendant since 2000 and is a Captain for defendant's Engine 8.  He has a strong work history and had never been written up "until [d]efendant began to retaliate against him for reporting harassment."  (Doc. 1 at ¶ 8).

---

[1] On a motion to dismiss or for judgment on the pleadings, the Court is required to consider the complaint and OCRC charge of discrimination referenced in and attached to the complaint.  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

Plaintiff alleges that in December 2017, defendant's employees were watching the movie *Any Given Sunday* on the station house television, which was located at the dinner table. Plaintiff "was about to eat when he discovered the graphic, offensive, and prurient film." (*Id*. at ¶¶ 10-12). Plaintiff "found the film repugnant," "did not want this offensive film to play while he was eating," and "requested that the channel be changed immediately." (*Id*. at ¶¶ 13-14). His requests to change the channel were denied, and the movie continued to play. (*Id*. at ¶ 15). Upper management "was present during the offensive scenes but did not change the channel." (Doc. 1-1 at 1). Plaintiff then changed the channel himself. (*Id*.).

Plaintiff "complained to his supervisor that he and female employees found this type of film to be repugnant, degrading to women, and harassment." (Doc. 1 at ¶ 16). When plaintiff "approached his supervisor attempting to report the harassment, District Chief Haines refused to take a report regarding the incident." (*Id*. at ¶ 17). Plaintiff alleges that "[i]mmediately after reporting this harassment, [plaintiff's] supervisors began to retaliate against him." (*Id.* at ¶18). Plaintiff alleges that his supervisor "began fabricating stories, making accusations, and verbally harassing" him. (*Id*. at ¶ 19). He was "demoted to a less favorable position with different responsibilities in close proximity to reporting the harassment." (*Id*. at ¶ 20). Plaintiff alleges that defendant's retaliation will hinder his ability to be promoted. (*Id.* at ¶ 21). He alleges that his supervisors "unjustifiably gave [plaintiff] two written redemands (sic) and one verbal reprimand in close proximity to reporting harassment." (*Id.* at ¶ 22). Plaintiff complained to the OCRC that:

> Chief Hains told me that I overreacted and did not know the definition of sexual harassment. I posted the sexual harassment policy but was told that I could not post the policy because I was not the housed [sic] Captain. In April 2018, Chief Hains lowered my evaluation. Part of the reason for the lowered evaluation was my alleged "misinterpretation of sexual harassment." I complained to Hugh Hains, District Chief, Ed Ramsey, HR, Cpt. Bird and McDough to no avail.

(Doc. 1-1).  Plaintiff alleges claims of hostile environment sexual harassment and retaliation under Title VII.[2]

## II.  Motion for Judgment on the Pleadings

### A.  Standard

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)).  However, the Court need not accept as true legal conclusions or unwarranted factual inferences.  *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory."  *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible."  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  A "legal conclusion couched as a factual allegation" need not be accepted as true, nor

---

[2] Both plaintiff and defendant have attached numerous exhibits to the motion for judgment on the pleadings and the response thereto.  The Court declines to consider any of these exhibits as they are not material to the Court's resolution of the motion for judgment on the pleadings.

are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. Plaintiff's Sexual Harassment Claim

Title VII provides that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a). Title VII protects employees from discriminatory hostile or abusive work environments. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)). Sexual harassment that results in a "hostile work environment" is a type of discrimination "based on sex" that is protected under Title VII, even without a tangible employment action. *Meritor*, 477 U.S. at 64, 66. The protection against hostile work environments applies to both female and male employees. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998). To prove a hostile work environment claim, a plaintiff must show that: (1) he was a member of the protected class; (2) he was subjected to unwelcome harassment, based on sex; (3) the harassment had the effect of unreasonably interfering with his work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) (citing *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)). In terms of the third factor, the conduct must be "severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive." *Id*. (quoting *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000)). In determining whether a work environment is objectively hostile or abusive, courts consider the

totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 23). Conduct that is "merely offensive" is insufficient to support a hostile work environment claim. *Harris*, 510 U.S. at 21. "[C]omments and harassing acts of a continual nature are more likely to be deemed pervasive." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008). Furthermore, "courts must determine whether the workplace is so permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Grace*, 521 F.3d at 678-79.

At the pleading stage, however, a plaintiff who asserts a federal employment discrimination claim is not required to plead facts establishing a prima facie case under Title VII in order to state a claim for relief. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). "The prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. A plaintiff "need allege only (a) the statutory basis for [the] claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . . of the [] claims and the grounds upon which they rest.'" *Dickinson v. Zanesville Metro. Hous. Auth.*, 975 F. Supp. 2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007)). While plaintiff's complaint need not present detailed factual allegations, "it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that defendant discriminated against him because of his sex. *Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678, 679).

Accepting as true the allegations in plaintiff's complaint and OCRC charge of discrimination, the Court concludes that plaintiff fails to state a plausible claim for relief under Title VII.  Plaintiff has not provided sufficient factual content for the Court to reasonably infer that defendant's conduct was severe or pervasive enough to create a sexually hostile or abusive work environment.  Plaintiff alleges a single, isolated instance of being subjected to a sexually explicit movie in the firehouse dining room.  Plaintiff considered the content of the movie to be offensive and objectionable.  He alleges that he voiced his objection to the movie and requested the channel be changed.  When no one changed it, plaintiff changed the channel himself.  This single, brief, and isolated instance of conduct falls far short of the objectively severe or pervasive conduct needed to state a claim for relief for a sexually hostile work environment as a matter of law.  Plaintiff has failed to allege facts giving rise to a reasonable inference that the firehouse was a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive so as to alter conditions of [his] employment and create an abusive working environment."  *Harris*, 510 U.S. at 21.  There are no allegations that plaintiff was exposed to a movie with sexual content on more than one occasion; plaintiff has not alleged that defendant or its employees subjected him to any other actions or conduct which he found offensive; and there are no allegations of any physically threatening or humiliating actions taken by any of defendant's employees against plaintiff so as to give rise to an inference of a sexually hostile work environment.

While the Court has no doubt that plaintiff personally found the movie *Any Given Sunday* to have objectionable sexual content, the facts alleged in the complaint and OCRC charge, accepted as true, do not describe circumstances creating an objectively hostile or offensive work environment.  The Court finds the Sixth Circuit's decision in *Williams v. CSX Transp. Co., Inc*.,

533 F. App'x 637 (6th Cir. 2013) instructive.  In *Williams,* the plaintiff, a female employee, complained of visible pornography in the workplace and sexist remarks made by a co-worker on one occasion.  The Sixth Circuit determined that these allegations of sex-based harassment were insufficient to create an objectively sexually hostile work environment.  The Court reasoned:

> Although it is true that "pornography displayed in the workplace, even if not directed to one individual specifically, may contribute to a hostile work environment for women generally," *Avery v. IdleAire Tech. Corp.,* No. 3:04-cv-312, 2007 WL 1574269, at *17 (E.D. Tenn. May 29, 2007), all of the cases Williams cites in which courts have found a genuine question of material fact as to sexually hostile environment feature not only sometimes-visible pornography in the workplace, but additional conduct more severe or pervasive than in the present case. *See id.* at *4-6 (in addition to pornography pop-ups on computer that plaintiff occasionally had to use, male employees were encouraged to make inappropriate comments about women, management referred to the plaintiff as a "bitch," plaintiff was told she could earn more money by being a prostitute than at her job, plaintiff was called a slut, plaintiff's hair and nails were mocked); *Andrews v. City of Phila.,* 895 F.2d 1469, 1472-75 (3d Cir. 1990) (in addition to pornography left in view, "women regularly were referred to in an offensive and obscene manner, [both plaintiffs] personally were addressed by the obscenities," one plaintiff was subjected to heavy breathing "down her neck" and pornography left in her personal desk drawer, while the other received repeated propositions); *Robinson v. Jacksonville Shipyards, Inc.,* 760 F. Supp. 1486, 1498 (M.D. Fla. 1991) (in addition to pornography being visible, plaintiff frequently witnessed obscene conversation about the pornography and plaintiff personally was subjected to sexual remarks from several co-workers, as well as "particularly severe verbal harassment" from another co-worker "regularly" and over "a number of different nights"); *Ayres v. Brewer Co.,* No. 1:04-cv-512, 2006 WL 2092559, at *1 (S.D. Ohio July 26, 2006) (pornography in work trucks was but one of many allegations, others included sex-based insults directed at women in general by multiple employees, plaintiff called "cupcake" and "sweetheart," asked if she "spit[s] or swallow[s]," told that co-worker could keep her happy sexually); *Bell v. Best Brands, Inc.,* No. 3:04-cv-0816, 2005 WL 2177007, at *10 (M.D. Tenn. Sept. 8, 2005) ("workplace . . . was replete with instances of pornographic videos being shown; explicit discussions of sexual activities; and the utilization of vulgar, sexually charged language containing sexual innuendos, among other things," and some of the sexual comments were directed specifically to plaintiff).  Williams has not cited any case in which the mere presence of visible pornography in the workplace combined with a single confrontation involving sexist remarks constituted a sexually hostile work environment.

*Williams*, 533 F. App'x at 641-42.

Isolated or single incidents of exposure to sexually charged conduct are not sufficiently pervasive to meet the objective requirement of a Title VII sexual harassment claim based on a hostile work environment. *See, e.g., Rayford v. Illinois Cent. R.R.*, 489 F. App'x 1, 5 (6th Cir. 2012) (finding comments made three or four times per week, such as being called "sweet booty" and being told a co-worker "wanted to mix coffee with his cream" and that "Ray got a big dick" for him, were "not so severe and pervasive that a reasonable person would find his work environment hostile and abusive"); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 707-08 (6th Cir. 2007) ("fifteen specific incidents spanning a two-year period" were "isolated" and "not pervasive"); *Pomales v. Celulares Telefonica, Inc.*, 447 F.3d 79, 83-84 (1st Cir. 2006) (single incident in which male supervisor made comment and gesture suggesting that he wished to have sexual relations with female employee was not so severe or pervasive that it altered the terms or conditions of employment); *Denigro v. Mary Imogene Bassett Hosp.,* No. 15-cv-0746, 2016 WL 6652777, at *3 (N.D.N.Y. Sept. 9, 2016) (no reasonable person could believe that supervisor's single sexually demeaning remark and hand gesture were unlawful under Title VII or anything other than an isolated incident).

In addition, plaintiff has not alleged that the sexually offensive material was directed towards him or based on his gender. This weighs against a finding of an objectively hostile work environment. *Williams,* 533 F. App'x at 641. Conduct directed at others in the workplace is considered less hostile because it is not linked to plaintiff's gender. *Id.* "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Harris*, 510 U.S. at 25 (Ginsburg, J. concurring). *See also McGowen v. Kroger Dist. I*, No. 16-13216, 2018 WL 6174042, at *7 (E.D. Mich. Sept. 7, 2018) ("Much of the vulgar behavior complained of–such as crude drawings of

male genitalia in the break room and on the Christmas decoration–was there for all employees to see."); *Wieland v. Dept. of Transp.–State of Indiana*, 98 F. Supp. 2d 1010, 1019 (N.D. Ind. 2000) ("Because Title VII is premised on eliminating discrimination, inappropriate conduct that is inflicted on both sexes, or is inflicted regardless of sex, is outside the statute's ambit.").  The movie that plaintiff found objectionable was already underway when plaintiff went to the dining table to eat.  Other employees were present and watching the film.  Plaintiff has not alleged that he was singled out or that the movie was specifically selected for his viewing.  Plaintiff has failed to allege any facts that the movie was directed towards him or based on his gender.

Finally, plaintiff has alleged no facts indicating that this one instance of alleged harassment interfered with his work performance.  *See Rayford*, 489 F. App'x at 5.  Plaintiff fails to allege facts showing how one brief exposure to an allegedly sexually explicit portion of the movie unreasonably interfered with his work performance.  By his own admission, when no one else in the lunch area would change the channel, plaintiff changed the channel himself, thereby ending the offensive exposure.

Plaintiff's complaint fails to provide sufficient factual content for this Court to draw the reasonable inference that defendant discriminated against him based on his sex and created a hostile or abusive work environment.  Therefore, defendant's motion for judgment on the pleadings should be granted on plaintiff's sexual harassment claim.

### C.  Retaliation Claim

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII]. . . ."  42 U.S.C. § 2000e-3(a).  Opposing conduct includes "[c]omplaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices . . . and opposing unlawful acts by persons other

than the employer – e.g., former employers, union, and co-workers." *Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). An employee who complains about a hostile work environment need not actually prove that the employer's alleged misconduct was, in fact, unlawful under Title VII to prevail on a retaliation claim. *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 646 (6th Cir. 2015). Nonetheless, the plaintiff must have a reasonable, good faith belief that the defendant has committed an unlawful employment practice to state a claim for retaliation. *Id. See also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001) (considering whether plaintiff could have reasonably believed that alleged harassment violated Title VII in determining whether plaintiff's retaliation claim was actionable). The reasonable, good faith belief requirement has subjective and objective components. The subjective component requires that the "employee complaining of a hostile work environment must 'actually believe[] that the conduct complained of constituted a violation of relevant law.'" *Yazdian*, 793 F.3d at 646 (quoting *Rhinehimer v. U.S. Bancorp Invs., Inc.,* 787 F.3d 797, 811 (6th Cir. 2015)). The objective component requires that "'a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee' would believe that the conduct complained of was unlawful." *Id*. Objective reasonableness is decided as a matter of law "only when no reasonable person could have believed that the facts known to the plaintiff amounted to a violation or otherwise justified the employee's belief that illegal conduct was occurring." *Id*.

While complaints of a sexually hostile work environment would generally be protected conduct, *see* 42 U.S.C. § 2000e-2(a)(1), § 2000e-3(a), the Court concludes that no reasonable person would believe that the single incident in question constituted unlawful sex harassment based on a sexually hostile work environment under the circumstances set forth in plaintiff's

complaint. It is not objectively reasonable for employees to believe that every complaint they make in the workplace is protected activity under Title VII. *Reckley v. City of Springfield, Ohio*, No. 3:05-cv-249, 2009 WL 10709751, at *13 (S.D. Ohio Mar. 31, 2009). "In the event that reported conduct is not serious enough that a reasonable person could believe it violated Title VII, a claim for retaliation will not lie." *EEOC v. Rocket Enters.*, No. 06-14319, 2008 WL 724613, *4 (E.D. Mich. Mar. 18, 2008) (citing *Breeden*, 532 U.S. at 271). For example, in *Breeden*, the Supreme Court held that the plaintiff's retaliation claim based on complaints of sexual harassment was foreclosed where no reasonable person could have believed that a co-worker's single, sexually explicit comment violated Title VII. 532 U.S. at 271. *See also Satterwhite v. City of Houston*, 602 F. App'x 585, 588 (5th Cir. 2015) (finding no protected activity for retaliation claim because no reasonable person would believe that the single use of the phrase "Heil Hitler" in a meeting was actionable under Title VII); *Theriault v. Dollar Gen.*, 336 F. App'x 172, 174 (3d Cir. 2009) (employee "did not engage in protected activity because she complained only of a single incident that no reasonable person could have believed violated Title VII"). Here, no reasonable employee would believe that being exposed to a sexually explicit movie in an employee dining room where other employees were present on a single, isolated occasion for a brief period of time created a sexually hostile work environment under Title VII. As plaintiff has failed to plausibly allege the objective component of the protected activity requirement of his retaliation claim, defendant's motion to dismiss plaintiff's retaliation claim should be granted.[3]

---

[3] The Court need not address plaintiff's allegations that defendant retaliated against him because he filed an EEOC charge and this lawsuit. (Doc. 13 at 14). Plaintiff's complaint alleges a claim for relief for retaliation based on his opposition to a practice he believed was unlawful and not a claim for retaliation based on any alleged participation in an investigation under Title VII. *See Johnson*, 215 F.3d at 578 (distinguishing the opposition and participation clauses of § 2000e-3(a)).

**III.  Motion to Strike Defendant's Reply Memorandum**

Plaintiff seeks to strike defendant's reply memorandum on the basis that it includes a "hidden Motion to Strike" arguments and facts submitted in plaintiff's responsive memorandum. (Doc. 15 at 1).  Plaintiff's arguments relate to the many exhibits both parties have submitted in connection with the motion for judgment on the pleadings.  As the Court has declined to consider any such exhibits in ruling on the motion for judgment on the pleadings, plaintiff's motion to strike defendant's reply memorandum is **DENIED** as moot.

**IV.  Conclusion**

Based on the foregoing, it is **RECOMMENDED** defendant's motion for judgment on the pleadings (Doc. 9) be **GRANTED**.

It is **ORDERED** that plaintiff's motion to strike defendant's reply memorandum is **DENIED** as moot.

Date:   7/12/19            *s/Karen L. Litkovitz*
                           Karen L. Litkovitz
                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JANOS ROPER,                           Case No. 1:18-cv-901
      Plaintiff,                    Dlott, J.
                                   Litkovitz, M.J.
      vs.

CITY OF CINCINNATI
FIRE DEPARTMENT,

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).